IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFF BAOLIANG ZHANG, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | No. 3:22-cv-02904-S (BT) |
| § | | |
| JON ALLEN, et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jeff Baoliang Zhang brings this *pro se* civil action under 42 U.S.C. § 1983 against the U.S. Citizenship and Immigration Service (USCIS) Texas Service Center (the "Center"), the Center's Director John Allen, and the Center's Acting Director Kristine Crandall. The Court granted Zhang leave to proceed *in forma pauperis*, but withheld issuance of process pending judicial screening. Ord. (ECF No. 7). Having screened Zhang's pleadings, the Court recommends dismissal under 28 U.S.C. § 1915(e)(2)(B).

**Background**

By this lawsuit, Zhang, a former California state prisoner and current resident of Los Angeles, complains that Defendants denied his I-130 Petition for Alien Relative on behalf of his wife in China. *See generally* Am. Compl. (ECF No. 10); Resp. to Magistrate Judge's Questionnaire (MJQ) (ECF No. 12). According to Zhang, who is 78, he has been trying to bring his wife to the United States since 2009. Am. Compl. 5; *see also* Resp. to MJQ 2.

1

However, Zhang was arrested in 2011 and "locked up" for nine years after he fired a gun at the Chinese consulate office in Los Angeles. Resp. to MJQ 2. Following his release from state prison, Zhang filed an I-130 Petition on his wife's behalf. *Id.* But Zhang did not submit the required supporting documentation, including necessary identification papers and his marriage certificate, allegedly because "the bad cops in LAPD [who] worked for the Chinese communists" confiscated those documents and refused to return them. *Id.* Zhang faults Defendants for ignoring that he submitted the required documents in support of his 2009 Petition and for failing to help him obtain those documents from his earlier file. Am. Compl. 5; Resp. to MJQ 2-4. Zhang contends Defendants delayed processing his I-130 Petition until January 6, 2022, when Crandall abruptly denied it. Am. Compl. 4. Afterwards, Allen refused his appeal. *Id.*

Based on these facts, Zhang asserts claims under § 1983 for violations of his Eighth and Fourteenth Amendment rights and under California's Elder Abuse and Dependent Adult Civil Protection Act. Compl. Attach. 6 (ECF No. 3-7); Am. Compl. 3, 6; *see also* Resp. to MJQ 5-6, 8-11, 14. As relief, he seeks a total of $50,000,000 in damages. Am. Compl. 4-5; *see also* Resp. to MJQ 12. He also requests that Defendants "immediately correct their intentional error to [him]" and "issue the immigration visa to [his] wife immediately." Resp. to MJQ 12.

2

## Legal Standards

Under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court liberally construes Zhang's pleadings with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); Cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). But even under this liberal standard, Zhang has failed to state a claim.

3

## Analysis

A. <u>Zhang fails to state a § 1983 claim against the Center or Allen and Crandall in their individual capacities.</u>

Liberally construed, Zhang asserts claims under § 1983 against the Center, Allen, and Crandall for violations of his Eighth and Fourteenth Amendment rights. Am. Compl. 3, 6.

Section 1983 creates a cause of action against "[e]very person who, under color of any [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. However, a federal agency, like the Center, is not a "person" within the meaning of § 1983. *See Hoffman v. U.S. Dept. of Housing and Urban Dev.*, 519 F.2d 1160, 1165 (5th Cir. 1975) (recognizing "a federal agency is [ ] excluded from the scope of section 1983 liability") (citing *Accardi v. United States*, 435 F.2d 1239, 1241 (3d Cir. 1970)); *see also Lollis v. HUD*, 2012 WL 1252568, at *2 (N.D. Tex. Mar. 14, 2012) (recognizing federal agencies "cannot be sued for civil rights violations"), *rec. accepted* 2012 WL 1267852 (N.D. Tex. Apr. 13, 2012). And federal officials acting under color of federal law, like Allen and Crandall, are not subject to suit under § 1983. *See Roots v. Calahan*, 475 F.2d 751, 751 n.1 (5th Cir. 1973) (per curiam) ("It is settled that a suit will not lie under … § 1983 against a federal official acting under color of federal law.") (citing *Norton*

*v. McShane,* 332 F.2d 855, 862 (5th Cir. 1964)); *see also Broadway v. Block,* 694 F.2d 979, 981 (5th Cir. 1982) ("The individual defendants in this suit are federal officials, acting under color of federal law rather than state law, and are not subject to suit under § 1983.") (citing *Seibert v. Baptist,* 594 F.2d 423, 429 (5th Cir. 1979); *Mack v. Alexander,* 575 F.2d 488, 489 (5th Cir. 1978)).

However, in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 397 (1971), the Supreme Court recognized an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights. *Byrd v. Lamb,* 990 F.3d 879, 881 (5th Cir. 2021) (per curiam). When a plaintiff erroneously pleads § 1983 claims against a federal officer, a court may construe such claims as an action under *Bivens*. *Moore v. City of Dallas,* 2023 WL 2589394, at *9 (N.D. Tex. Mar. 17, 2023) (citing *Montgomery v. Deitelbaum,* 2010 WL 582146, at *2 (N.D. Tex. Feb. 18, 2010) (providing courts will apply *Bivens* or § 1983 "according to the actual nature of the claims" rather than the characterization made by the plaintiff)); *see also Majors v. City of Clarksville,* 113 F. App'x 659, 660 (6th Cir. 2004) (per curiam) (construing a § 1983 claim against officers acting as deputized Drug Enforcement Agency (DEA) Task Force Agents as a *Bivens* claim "in reality").

The intent of *Bivens* is to prevent federal officers from committing constitutional violations. *Butts v. Martin,* 877 F.3d 571, 587 (5th Cir. 2017)

(citing *Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 70 (2001)). "But a *Bivens* remedy is not available for all constitutional violations." *Butts,* 877 F.3d at 587. Indeed, the Fifth Circuit recently confirmed that *Bivens* claims are currently recognized in only the following situations: (1) an unconstitutional search and seizure by agents of the Federal Bureau of Narcotics in violation of the Fourth Amendment, *Bivens,* 403 U.S. at 388; (2) sexual discrimination by a United States Congressman to a congressional staff member in violation of the Fifth Amendment, *Davis v. Passman,* 442 U.S. 228, 228 (1979); and (3) a lawsuit by the administratix of the estate of a deceased federal prisoner alleging prison officials failed to provide adequate medical attention to the prisoner while in federal custody in violation of the Eighth Amendment, *Carlson v. Green,* 446 U.S. 14, 14 (1980). *Oliva v. Nivar,* 973 F.3d 438, 442 (5th Cir. 2020). "The Supreme Court has cautioned against extending *Bivens* to new contexts."[1] *Byrd,* 990 F.3d at 881 (first citing *Hernandez v. Mesa, (Hernandez II),* 589 U.S. ---, 140 S. Ct. 735, 744 (2020) (holding the plaintiff's *Bivens* claim arose in a new context, and factors such as the potential effect on foreign relations counseled hesitation

---

[1] The phrase "new contexts" refers to those contexts that are "different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court." *Butler v. Porter,* 999 F.3d 287, 294 (5th Cir. 2021) (quoting *Ziglar v. Abbasi,* 582 U.S. 120, 139 (2017)) (internal quotation marks and citation omitted).

with respect to extending *Bivens*); (then citing *Ziglar v. Abbasi,* 582 U.S. 120, 120 (2017) (holding the plaintiff's detention-policy claims arose in a new *Bivens* context, and factors like interfering with sensitive Executive-Branch functions and inquiring into national-security issues counseled against extending *Bivens*)). "In fact, the Supreme Court has gone so far as to say that extending *Bivens* to new contexts is a 'disfavored' judicial activity." *Byrd,* 990 F.3d at 881; *see also Abbasi,* 582 U.S. at 135 (recognizing the Supreme Court "has consistently refused to extend *Bivens* [liability] to any new context or new category of defendants . . . for the past 30 years") (quoting *Malesko,* 534 U.S. at 68); *Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009) ("Because implied causes of action are disfavored, the Court has been reluctant to extend *Bivens* liability 'to any new context or new category of defendants.'") (quoting *Malesko*, 534 U.S. at 666). When determining whether *Bivens* allows a cause of action, a court must consider: (1) whether the case involves a "new context," and (2) whether any "special factors" prevent the court from extending *Bivens* to this "new context." *Maria S. as Next Friend for E.H.F. v. Garza,* 912 F.3d 778, 784 (5th Cir. 2019) (citation omitted).

Here, Zhang's claims differ meaningfully from the recognized *Bivens* contexts, which do not include a case involving a Fourteenth Amendment violation. *See Oliva,* 973 F.3d at 442. And although the *Bivens* trilogy includes an Eighth Amendment case, *see Carlson,* 446 U.S. at 14, that case

7

is factually very different from this case. Because "even a modest extension" of *Bivens* "is still an extension," *Abbasi*, 582 U.S. at 147, the Court should find that Zhang's case presents a "new context" under *Bivens*.

Furthermore, there are "special factors that counsel hesitation" against extending a *Bivens* cause of action to the new context, such as the availability of alternative remedies. *See Hernandez*, 140 S. Ct. at 743. The Federal Torts Claim Act (FTCA), 28 U.S.C. § 2671, *et seq*. was enacted to address torts committed by federal officials, such as Allen and Crandall. *See Saunders v. Bush*, 15 F.3d 64, 66 (5th Cir. 1994) ("The FTCA creates a statutory cause of action against the United States for torts committed by federal officials within the scope of their employment."). And even if the FTCA was not available to Zhang in this context, alternative relief required to limit the extension of *Bivens* does not have to provide the same type of relief as *Bivens*. *See Oliva*, 973 F.3d at 444 (citing *Minneci v. Pollard*, 565 U.S. 118, 129 (2012)).

B. <u>Sovereign immunity bars any claim against Allen and Crandall in their official capacities.</u>

To the extent Zhang attempts to bring a claim against Allen and Crandall in their official capacities, sovereign immunity bars those claims.

"[T]he United States may not be sued except to the extent that it has consented to suit by statute," and "[w]here the United States has not consented to suit or the plaintiff has not met the terms of the statute the

8

court lacks jurisdiction and the action must be dismissed." *Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 488 (5th Cir. 2014) (quoting *Koehler v. United States*, 153 F.3d 263, 266 (5th Cir. 1998)). Sovereign immunity extends to federal agencies and official-capacity claims against federal officials are treated like claims against the United States. *See Meyer*, 510 U.S. at 475 ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) (recognizing that without a waiver of sovereign immunity, a court lacks subject matter jurisdiction to adjudicate claims against the United States and its agencies). Thus, the Court may dismiss Zhang's claims against Allen and Crandall in their official capacities. *See Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) (noting a *Bivens* action against federal agencies or federal agents acting in their official capacities is properly dismissed); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are [ ] barred under the doctrine of sovereign immunity, unless such immunity is waived.").

    C. <u>Zhang cannot bring claims on behalf of his wife.</u>

        Zhang alleges that "[a]s her husband, [he has] the right to represent [his wife][.]" Resp. 13. But Zhang does not have the right to bring claims on behalf of his wife. *See Sprague v. Dep't of Fam. & Protective Servs.*, 547 F.

9

App'x 507, 508-09 (5th Cir. 2013) (per curiam) ("[T]his Court has held that a party could not proceed *pro se* on behalf of anyone other than himself when he brought suit on behalf of himself, his wife, and her minor child."), *abrogated on other grounds by Raskin ex. rel. JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 282 (5th Cir. 2023) (involving a mother who brought claims on behalf of her children proceeding *pro se*); *Johnson v. Lufkin Daily News*, 48 F. App'x. 917, 917 (5th Cir. 2002) (per curiam) (holding a father could not proceed *pro se* on behalf of his wife and her child), *abrogated on other grounds by Raskin*, 69 F.4th at 282; *Andrews v. Anderson,* 2012 WL 6049082, at *1 (N.D. Tex. Dec. 5, 2012) ("A plaintiff has no standing under § 1983 to pursue vindication of another's rights."); *see also Jaco v. Bloechle,* 739 F.2d 239, 241 (6th Cir. 1984) ("By its own terminology, [§ 1983] grants the cause of action 'to the party injured'."). To the extent Zhang is attempting to bring claims on behalf of his wife, the Court should dismiss his claims.

D. The Court should dismiss Zhang's state law claims.

Finally, Zhang alleges violations of California's Elder Abuse and Dependent Adult Civil Protection Act. Am. Compl. 3; *see also* Resp. 14. But because he has failed to state a claim under federal law, the Court should decline to exercise jurisdiction over any claim under state law. *See Parker & Parsley Petroleum Co. v. Dresser Industries,* 972 F.2d 580, 585 (5th Cir. 1992) (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)) (stating generally state law claims should be dismissed when the federal claims they

supplement are dismissed); *United Mine Workers of America v. Gibbs*, 86 S. Ct. 1130, 1139 (1966) (same).

## Leave to Amend

The Fifth Circuit advises courts to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. But "granting leave to amend is not required if the plaintiff has already pleaded his 'best case.'" *Bryant v. Wells Fargo Bank*, 2018 WL 4290791, at *4 (N.D. Tex. Aug. 23, 2018) (citing *Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017)), *rec. accepted* 2018 WL 4283556 (N.D. Tex. Sept. 7, 2018).

Here, Zhang has submitted two complaints and responded to an MJQ to further clarify his claims. A verified questionnaire response allows a plaintiff to plead his or her best case and is a valid way for a *pro se* litigant to amend his complaint. *See Nixon v. Abbott*, 589 F. App'x 279 (5th Cir. 2015) (per curiam). Because Zhang has been given several opportunities to amend or supplement his allegations through an amended complaint and

11

responses to an MJQ, the Court concludes that he has pleaded his "best case" and further leave to amend is not warranted.

## Conclusion

The Court should dismiss Zhang's federal claims under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and decline to exercise jurisdiction over his state law claims.

**SO RECOMMENDED**.

November 7, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).